**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CINCINNATI INSURANCE COMPANY, As Subrogee of Shine Bros. Corp.,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**PIONEER TRANSFER, LLC,** )<br>)<br>**Defendant.** ) | **CIVIL NO. 08-054-GPM** |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

The Court, on its own motion, has reviewed the complaint in the present case to determine whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*. *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). In light of Seventh Circuit Court of Appeals opinions, *see, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam), this Court has undertaken a more rigorous initial review of complaints to ensure that jurisdiction has been properly pleaded.

Plaintiff, as subrogee of Shine Bros. Corp. (Shine), alleges that Defendant failed to deliver certain cargo to Shine. Plaintiff further alleges that the transportation of said cargo was governed

by the Carmack Amendment, 49 U.S.C. § 14706 *et seq.*. Consequently, Plaintiff claims that jurisdiction is proper under 28 U.S.C. §§ 1331 and 1337.[1] Alternatively, Plaintiff alleges that jurisdiction is predicated upon the diversity of citizenship statute, 28 U.S.C. § 1332. However, it has failed to properly allege the citizenship of the limited liability company, Pioneer Transfer, LLC. *See Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) (limited liability companies are citizens of every state of which any member is a citizen).

It is possible that Plaintiff can establish diversity of citizenship jurisdiction by more appropriate allegations. Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff is **GRANTED leave** to file an <u>Amendment to the Complaint</u> **on or before March 28, 2008**, to cure the deficiency set forth above. Plaintiff shall file an Amendment to the Complaint only and not an amended complaint. If Plaintiff fails to do so in the time and manner prescribed, this Court will consider the basis of its subject matter jurisdiction as 28 U.S.C. §§ 1331 and 1337 only.

**IT IS SO ORDERED.**

DATED: 03/14/08

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge

---

[1] Plaintiff alleges the requisite amount in controversy under 28 U.S.C. § 1337.